HEARSEY GIRVAN, petitioner-appellant,

*v.*

GEORGINA GRIFFIN, alias Georgina Williams, defendant-respondent.

[Submitted June term, 1919. Decided November 17th, 1919.]

A petition was filed in the court of chancery to annul a marriage on the ground that the pretended marriage was not a real marriage but was made in jest, as a vacation frolic and without willingness or consent to anything more than the formal ceremony. It is *held*, upon an examination of the testimony, that the evidence justifies the decree of the court of chancery dismissing the petitioner's petition on the ground, that the parties were not married in jest.

On appeal from the court of chancery.

*Mr. Samuel W. Boardman, Jr.,* for the appellant.

The opinion of the court was delivered by

BLACK, J.

The petition in this case was filed in the court of chancery to have the marriage of the petitioner on August 16th, 1917, declared null and void, on the ground, that the pretended marriage was not a real marriage, having been made in jest, as a vacation frolic and without willingness or consent to anything more than the formal ceremony.

The case was heard in the first instance by a special master. He reported to the chancellor that the petitioner was not entitled to the relief prayed for and recommended that the petition be dismissed. The master's report was reviewed by one of the vice-chancellors. He approved the report and concurred with the master. The proof shows that the parties were not married in jest. A short *résumé* of the testimony produced before the master will show that the decree of the court of chancery should be affirmed. At the hearing the petitioner was sworn, also, Ethel May Scholl, a chum of the defendant, one of the witnesses at the marriage ceremony, Rev. Walter Earle Ledden, the clergyman who performed the ceremony, and Sarah E. Hindley, a witness to the marriage license, with whom the defendant was boarding, during the summer at Belmar. Two witnesses to the marriage ceremony, Mr. Chapin and Mr. Shattuch, were not produced as witnesses. The testimony of the other three witnesses produced at the hearing relate to collateral facts only. The petitioner and the defendant knew each other since November, 1914. The defendant was staying at Belmar, New Jersey. The petitioner went there on Saturday, August 11th, 1917. He sent the defendant a special delivery letter stating that he was coming. As soon as he arrived at Belmar he went to her boarding-house just to let her know that he had arrived. On Monday afternoon, the 13th of August, the petitioner made plans to go home. They had lunch and the petitioner said to the defendant, "I have to go

back to work," and she said, "Why don't you take a vacation?" I said, "I can't take a vacation. The only way I could get a vacation is to take a fireman's job or get married." She said, "Why don't you get married?" and I said, "Who? Why don't you and I get married?" She said, that is the way it first started. That night they took out a license to marry. On the following Thursday evening, August 16th, at eight-thirty, the marriage ceremony was performed by Rev. Walter Earle Ledden, a minister of the Methodist Episcopal Church, at Belmar, New Jersey, in the presence of three witnesses brought by the parties to witness the ceremony. The petitioner and defendant have never had marital intercourse. They have never lived together. The petitioner has never contributed anything towards the defendant's support, and she has never made any claim for support. The defendant did not appear at the trial to give testimony, nor was she represented. The witness to the ceremony, Ethel May Scholl, and the Rev. Walter Earle Ledden, the minister who performed the ceremony, detailed the circumstances attending the marriage ceremony. On this testimony, the learned vice-chancellor, who reviewed the case, concurred with the master, the proofs showing that the parties were not married in jest. There is nothing in the surrounding circumstances to indicate jest. All there is of testimony, is petitioner's statement, which amounts to nothing more than his present opinion, as to the effect of what was done. There is nothing at all to indicate that the defendant regarded the ceremony as a joke, or that it was so regarded by those who participated in it; the one witness present who was produced and gave evidence and the clergyman who performed the ceremony did not think they were participating in a joke. With this conclusion of the master and learned vice-chancellor we concur. See *McClurg* v. *Terry,* *21 N. J. Eq. 225.*

The chancellor has recently held, in the case of *Bolmer* v. *Edsall,* *90 N. J. Eq. 299,* that corroboration is required in suits for nullity of marriage, as well as in those for divorce from the bonds of matrimony. In this case, there was no corroboration of the petitioner's testimony, that the marriage ceremony was performed in jest.

The decree of the court of chancery is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON—14.